INTERNATIONAL PIZZA HUT FRAN-
CHISE HOLDERS ASSOCIATION,
INC., Plaintiff,

v.

SUPREME PIZZA, INC., Defendant.

Civ. A. No. 78–1013.

United States District Court,
D. Kansas.

Oct. 31, 1978.

James W. Sargent, Sargent & Klenda,
Wichita, Kan., for plaintiff.

Donald R. Newkirk, Fleeson, Gooing,
Coulson & Kitch, Wichita, Kan., for Su-
preme Pizza, Inc.

Robert L. Howard of Foulston, Siefkin,
Powers & Eberhard, Wichita, Kan., for Piz-
za Hut, Inc.

## OPINION AND ORDER

THEIS, Chief Judge.

This matter comes before the Court after
an evidentiary hearing on the propriety of

personal jurisdiction over defendant Supreme Pizza, Inc. (hereinafter "Supreme"). This is a diversity action brought by International Pizza Hut Franchise Holders Association, Inc. (hereinafter "International"), for a declaratory judgment that Supreme has violated International's by-laws and is no longer a member in good standing with that organization. Plaintiff claims personal jurisdiction is proper pursuant to Rule 4(e), Federal Rules of Civil Procedure, and K.S.A. 60–308(b)(5) (1976). The primary issue for determination involves the statutory interpretation of the Kansas long-arm provision cited above and whether that subsection offers a means for service on this particular defendant.

The facts of the underlying dispute between these parties have already been set forth in an earlier order of this Court dated August 4, 1978, which set this matter for hearing. Plaintiff is an incorporated, non-stock organization whose members are holders of franchises from Pizza Hut, Inc., for the operation of Pizza Hut restaurants. Plaintiff exists separately and independently of Pizza Hut and represents the franchisees in bargaining with Pizza Hut on the method and manner of national advertising and promotion. As a trade association, plaintiff essentially provides a collective voice for franchisees in the determination of Pizza Hut policies.

Upon plaintiff's reorganization as an entity separate from Pizza Hut in 1975, plaintiff entered into a contract with Pizza Hut, the "Ad-Com Agreement," that establishes plaintiff's representation on the advertising committee. The Ad-Com Agreement establishes the formulae for plaintiff's required financial contribution to Pizza Hut advertising. Plaintiff's by-laws set forth the formulae for the financial contribution or dues required from its member franchisees. Together with contributions from Pizza Hut, the sums from these sources constitute the total amount spent on Pizza Hut national and regional advertising. To the present these sums total about $12,000,000.00.

Pizza Hut is a Delaware corporation with its principal place of business in Kansas.

Defendant's franchise agreement with Pizza Hut requires that it become and remain a member of International, pay all required dues to International, and abide by International's by-laws, as then written or as later amended. Article VI ¶ C, Plaintiff's Exhibit 2 at 5. Defendant is presently a member of International.

Plaintiff brings this action as third party beneficiary of the Franchise Contract between Pizza Hut and Supreme. International seeks a declaratory judgment of defendant's breach of its requirement to remain a member in good standing with International. International further sues for a judgment declaring that Supreme has violated its by-laws. The primary question for this Court's determination is whether plaintiff's suit is one "arising out of" Supreme's:

> "[e]ntering into an express or implied contract . . . with a resident of this state to be performed in whole or in part by either party in this state." K.S.A. 60–308(b)(5).

If it is, then the long arm statute authorizes service on this defendant. This Court finds that it does.

Defendant agrees that it entered into a franchise contract with Pizza Hut, a Kansas resident, that calls for partial performance in the state by one, if not by both parties. Defendant argues instead that no suit can be brought on the Pizza Hut franchise contract either by Pizza Hut or International, unless and until International successfully litigates the validity of its new by-law that it claims has been breached. Only then would Supreme's alleged breach of that by-law give rise to a cause of action on the franchise contract. This argument ignores the allegations in plaintiff's complaint and lacks merit.

■ International has alleged a breach of its new by-law. It has standing to bring that claim principally because of the franchise contract between Supreme and Pizza Hut. Although also required by International's by-laws, Supreme's membership in International and its compliance with International's by-laws were initially required by virtue of the Pizza Hut franchise contract.

Article VI, ¶ C of that franchise contract expressly provides for substantial performance that runs solely to International. The franchise contract expressly creates a beneficial legal relationship between Supreme and International that clearly carries out the intentions and satisfies the expectations of Pizza Hut. This contract creates reasonable expectations on International's part and accordingly induces International's reliance. As a third party beneficiary of that contract, International may bring a claim on the franchise contract in its own name. International's third party claim is both properly pleaded and ripe for adjudication. See 4 Corbin on *Contracts,* §§ 775–77 (1951); *Restatement of Contracts* § 133 (1932).

■ Defendant has argued that this claim does not ripen unless and until International has successfully litigated the validity of its new by-law. Theoretically, then, International must first test its by-law, which Supreme argues it cannot do until its third party claim under the Pizza Hut contract has ripened. Defendant argues that this latter claim does not ripen until plaintiff has first litigated its by-law. The circularity of the logic is clear. The argument ignores the fact that the two claims may be asserted at the same time in the same pleading. The validity of the new by-law will necessarily be litigated in plaintiff's third party claim on the franchise contract. The validity of that by-law, and whether defendant must comply with it, are in essence plaintiff's claims on that contract. There is no merit in defendant's argument.

■ The only true question before the Court is whether the long arm statute authorizes service on one whose contract with a Kansas resident gives rise to an action by a third party beneficiary of that contract. This Court finds that it does. The literal wording of the statute applies to the facts before the Court. Defendant has entered the requisite contract and plaintiff's claim arises out of that contract. The statute authorizes service on anyone with a given relationship to the forum—one who has contracted with a Kansas resident for some

performance by some party in the state. Nothing in subsection (b)(5) restricts service only to those whose contract has given rise to a claim asserted by a party to the contract. Plaintiff's third party claim arises out of the Pizza Hut contract. It falls within the literal ambit of the statutory provision.

The Kansas courts have consistently held that the Kansas legislature intends the long arm statute to authorize personal service to the fullest extent of the due process clause. *Woodring v. Hall,* 200 Kan. 597, at 606, 438 P.2d 135, at 144 (1968); *Misco-United Supply, Inc. v. Richards of Rockford, Inc.,* 215 Kan. 849, 528 P.2d 1248 (1974). This goal can be achieved only by a broad interpretation of the long arm statute that provides for service in the widest possible set of circumstances and in as many cases as the literal wording of the statute permits. This interpretation comports with the general view that a case "should not be dismissed for want of jurisdiction as being outside the scope of the statute, unless by no reasonable construction of the language could it be said to fall within the statute's terms." Casad, *Long Arm and Convenient Forum,* 20 Kan.L.Rev. 1, 45 (1971). Consistent with the Kansas court's expressed understanding, this leaves as the primary restraint on the exercise of personal jurisdiction only the limits found in the due process clause of the Fourteenth Amendment as interpreted in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The Court accordingly finds that the Kansas statute authorizes service on this defendant.

The sole remaining question is constitutional: whether the exercise of jurisdiction over defendant is consistent with traditional notions of fair play and substantial justice. See *International Shoe,* supra, 326 U.S. at 316–317, 66 S.Ct. 154. The Court's analysis must focus on the relationship among the defendant, the forum and the litigation to determine whether there exist sufficient "affiliating circumstances" so

that it is both reasonable and fair to require the defendant to answer in the forum. *Shaffer,* supra, 97 S.Ct. at 2580; *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, at 1697, 56 L.Ed.2d 132 (1978). On the instant facts, this Court finds the exercise of jurisdiction fundamentally fair and within the bounds of the Fourteenth Amendment.

■ Defendant's sole contact with this forum arises out of its franchise contract with Pizza Hut and its membership in International. This suit arises out of that contact. Defendant argues that its sole physical contacts within this forum are insufficient to meet due process standards. It argues that it cannot be brought within the forum based upon activities of International within the forum. This Court disagrees. Supreme voluntarily entered into a contractual arrangement that requires it to remain a member of International. Supreme was aware of this condition. It has paid substantial dues to International in Kansas in exchange for which International, through a joint agent of International and Pizza Hut—the Advertising Committee—conducted extensive business negotiations in the state. Pursuant to the Ad-Com Agreement, International's agent arranged in Kansas for over $12,000,000.00 of advertising, almost $250,000 of which is directly attributable to the St. Louis area market where Supreme does business. By entering into its contract with Pizza Hut, Supreme intended and anticipated that International would direct the Advertising Committee to conduct activities here that would directly inure to Supreme's benefit. This represents a "commercial act" that "connotes [an] intent to obtain [or an] expectancy of receiving a corresponding benefit in the State that would make fair the assertion of [this] State's judicial jurisdiction." *Kulko,* supra, 98 S.Ct. at 1702. Had International performed these negotiations for Supreme as an agent, jurisdiction would be proper under the old "presence" test of jurisdictional analysis. *International Harvester Co. v. Kentucky,* 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479 (1914). In a modern context these activities may be viewed as creating a substantial relationship between the defendant and the forum sufficient to render the exercise of jurisdiction within the constitutional standards of *International Shoe.* Supreme has accepted in Missouri substantial foreseeable advertising benefits generated from Kansas. This lawsuit arises out of the contractual arrangement that produced that benefit. The Court finds this sufficient to bring it within the constitutional reach of Kansas' long arm jurisdiction.

■ This Court does not intend to pass generally on the exercise of jurisdiction over nonresident franchisees by a franchisor in its home forum. Personal jurisdiction is a question that must be decided on the particular facts of each individual case. See *Kulko,* supra, 98 S.Ct. at 1697. The franchisor-franchisee relationship, the degree of genuine bargaining between the two and the voluntariness of the nonresident's acceptance of terms providing benefits from the forum are all significant factors for the Court's consideration. The Court renders its holding today solely on the facts of this case. Nor does the Court intend any reference to the merits of plaintiff's claim or any of Supreme's defenses. These are matters to be adjudicated.

IT IS THEREFORE ORDERED that the motion of the defendant Supreme Pizza, Inc., to dismiss this action for lack of personal jurisdiction, is hereby denied.